WICKWIRE, INDIVIDUALLY AND AS EXECU-
TRIX, *v.* REINECKE, COLLECTOR OF INTER-
NAL REVENUE.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
SEVENTH CIRCUIT

No. 149. Submitted October 3, 1927.—Decided November 21, 1927.

1. A decision of the Commissioner of Internal Revenue that property of a decedent was transferred by him in contemplation of death, within the meaning of § 402–c, Revenue Act of 1918, (estate tax), is not conclusive, but the burden of proving it incorrect is on the party suing the collector to recover taxes based upon it. P. 105.

2. Evidence, on this question, *held* sufficient to go to the jury. P. 104.
3. The right to a jury in a suit to recover taxes from a collector is not based on the Seventh Amendment, but arises by implication from § 3226, Rev. Stats., allowing a suit " at law." P. 105.
14 F. (2d) 956, reversed.

CERTIORARI, 273 U. S. 687, to a judgment of the Circuit Court of Appeals which affirmed a judgment of the District Court dismissing a suit brought to recover from the Collector money demanded, and paid under protest; as an estate tax.

*Mr. Forest D. Siefkin* for petitioner.

*Solicitor General Mitchell, Assistant Attorney General Willebrandt,* and *Mr. Sewall Key,* Attorney in the Department of Justice, for respondent, were unable to support the reasoning of the Circuit Court of Appeals, but felt constrained to present the case fully in deference to the views of that court.

Mr. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is a suit by Jessie L. Wickwire, individually and as executrix of her husband, Edward L. Wickwire, to recover taxes from the United States Collector of Internal Revenue for the first district of Illinois, on the ground that they were assessed against her and collected without legal authority. The tax was a so-called estate tax assessed by the Commissioner of Internal Revenue under § 402(c) of the Revenue Act of 1918 (c. 18, 40 Stat. 1057, 1097). The section and paragraph provided:

" That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—   .   .   .

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with

respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act), except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title; . . ."

On December 22, 1919, the decedent, Edward L. Wickwire, transferred to his wife, the petitioner herein, cash and securities to the value of $362,028.48. He died April 21, 1920. The executrix did not include the value of the transferred property as part of the gross estate in her return for federal estate tax purposes. The Commissioner of Internal Revenue claimed and, after the usual administrative hearings, determined that the transfer was made in contemplation of death, and assessed as a tax $18,021.41, which was paid. The declaration of the petitioner set up these facts and alleged that the transfer by her husband to her was not in contemplation of death. The case came on for trial, a jury was impaneled and sworn, counsel for the executrix made his opening statement, called one witness and was examining him when the court interrupted the proceedings to raise on its own motion the point that the finding of the Commissioner of Internal Revenue, unless impeached for fraud, bad faith, or mistaken legal theory, could not be reviewed by the court. Accordingly the attorney for the United States thereupon interposed a motion to dismiss. The petitioner then made certain offers of proof to establish the fact that the transfer was not in contemplation of death,

which was excluded by the court. The case was then dismissed.

The tender of evidence was included in a bill of exceptions, and was, in general, that the deceased was 62 years old at the time of his death; that he had been suffering for eighteen years from diabetes, but that his condition until early in 1920 was as good as, or better than, it had been for ten years before that time; that his death was from uremic poisoning, the result of an attack of influenza suffered while he was in the South after the transfer; that he had long agreed with his wife that half of what he had belonged to her, but that their capital had been tied up so in business in his name that her half could not be given her until the business was reorganized and turned over to a stock company; that his doctor, a specialist in diabetes, assured him that, while his condition was that of a diabetic, he was not actually afflicted with diabetes, though it might recur; that he had no reason to anticipate death in the near future when he made the transfer in December, 1919; that the transfer was in pursuance to a plan long made and not in anticipation of death.

The action of the court below was based on the supposed authority of *Park Falls Lumber Co.* v. *Burlingame,* 1 Fed. (2d) 855, a decision of the Circuit Court of Appeals for the Seventh Circuit. On a writ of error, the latter Court held that the case cited was not in point, and that the lower court was not concluded by the finding of the Commissioner on the question of fact as to whether the transfer was in contemplation of death, and that the question was possibly a judicial one. But the court added: " Notwithstanding this, the case, on the whole record, should be, and is, affirmed." The explanation of this action, as suggested by the Solicitor General, is that, while the Circuit Court of Appeals held that the trial court had

given a wrong reason for its action, its judgment should be affirmed because the opening statement of counsel for the petitioner, together with the evidence introduced by him and that offered by her, but rejected, showed conclusively as a matter of law that the transfer was in contemplation of death.

It is quite clear that, as held by the Circuit Court of Appeals, the ruling of the trial court was erroneous, and that the decision of the Commissioner of Internal Revenue was not conclusive, but only furnished *prima facie* evidence of its correctness. *United States* v. *Rindskopf,* 105 U. S. 418; *Fidelity & Columbia Trust Co.* v. *Lucas,* 7 Fed. (2d) 146. Upon the issue whether the transfer had been made in contemplation of death, the burden of proof was by the terms of the statute on the petitioner, as indeed it would have been without the special provision of the statute, because she was the plaintiff. We have not set forth *in extenso* the evidence which was offered, but it is very clear that there was enough to go to the jury to meet the burden against the petitioner on this main issue, and that the Circuit Court of Appeals was in error in holding otherwise. Indeed we do not understand the Solicitor General to contest this.

It was suggested, in the brief for the United States in resisting the application for certiorari, that the assignment of error made on behalf of the petitioner was inadequate in that it was not based on a reference to the Seventh Amendment to the Constitution requiring a jury trial in a civil case involving more than twenty dollars. This objection has not been renewed in the brief on the merits, doubtless because the right of the petitioner to a jury in such a case is not to be found in the Seventh Amendment to the Constitution but merely arises by implication from the provisions of § 3226, Revised Statutes, which has reference to a suit at law. It is within the undoubted power

of Congress to provide any reasonable system for the collection of taxes and the recovery of them when illegal, without a jury trial—if only the injunction against the taking of property without due process of law in the method of collection and protection of the taxpayer is satisfied. *Murray's Lessee* v. *Hoboken Land and Improvement Co.,* 18 How. 272, 281, 282, 284; *Nichols* v. *United States,* 7 Wall. 122, 127; *Cheatham* v. *United States,* 92 U. S. 85, 88, 89.

The judgments, both of the Circuit Court of Appeals and of the District Court, are reversed, and the cause is remanded to the District Court for further proceedings.

                                                      *Reversed.*