## GESSELL et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4319.

Circuit Court of Appeals, Seventh Circuit.

April 29, 1930.

Robert Ash, of Washington, D. C., for petitioners.

F. Edward Mitchell, of Washington, D. C., for respondent.

Before EVANS, PAGE, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Petitioners, the executors of the will of Marie H. Kelly, deceased, are here seeking to review an order of the Board of Tax Appeals which determined the federal inheritance tax on this estate. At the time of her death (November 28, 1923) deceased owned stock in four corporations; the number of shares, the value as found by the Commissioner, the value as found by the Board, and the value as claimed by petitioners are herewith set forth:

The Board accepted the petitioner's valuation of the Bradley stock and the Tomahawk Land Company stock. It, however, sustained the Commissioner's finding as to the value of the stock of the U. S. Lumber Company and the Merrill Lumber Company.

The controversy between the parties is restricted to a very narrow issue, to wit, the effect of testimony offered by petitioners respecting the value of this stock.

Respondent argues that such testimony was mere opinion evidence which the Board was not required to accept, and that it was not sufficient to overcome the presumptions in favor of the correctness of the Commissioner's findings.

Petitioners, on the other hand, argue that the Board was not at liberty to ignore or disregard the only testimony received as to the market value of the stock, and that a finding at variance with the uncontradicted testimony cannot be sustained.

As a background for a consideration of the evidence which we are about to examine it may be well to observe:

(a) That the values as determined by the Commissioner are prima facie correct, and the burden of proof is upon the taxpayer to establish their error. Wickwire v. Reinecke, 275 U. S. 101, 105, 48 S. Ct. 43, 72 L. Ed. 184; Greengard v. Commissioner (C. C. A.) 29 F.(2d) 502. (b) The Board of Tax Appeals is not at liberty to disregard uncontradicted fact testimony not inherently improbable. Chicago Railway Equipment Co. v. Blair (C. C. A.) 20 F.(2d) 10, 12; Boggs & Buhl v. Commissioner (C. C. A.) 34 F. (2d) 859. (c) An assignment of error which attacks a finding of the Board because wholly unsupported by evidence presents a question reviewable by this court. Collin v. Commissioner (C. C. A.) 32 F.(2d) 753.

Much of the evidence offered by the petitioners bore on the value of the stock of the Bradley Company and the Tomahawk Land Company. As the Board accepted petitioners' estimate of values of these stocks, no question concerning them is before us.

| No. of shares | Name of Company | Returned | Commissioner | Board |
|---|---|---|---|---|
| 1001 | Bradley | $ 70,116.67 | $ 80,133.33 | $ 70,116.67 |
| 245 | Tomahawk Land Co. | 12,250.00 | 24,500.00 | 12,250.00 |
| 450 | U. S. Lumber Co. | 4,500.00 | 4,951.85 | 4,951.85 |
| 125 | Merrill Lbr. Co. | 38,956.00 | 59,691.67 | 59,691.67 |
| | | $125,822.67 | $169,276.85 | $147,010.19 |

Concerning the value of the stock of the U. S. Lumber Company the record is barren of any testimony. Not even the unsupported opinion evidence of a single witness appears. The valuation of this stock as found by the Commissioner and sustained by the Board must therefore be accepted.

As to the valuation of the stock in the Merrill Lumber Company, the situation is not so clear. There was offered in evidence the company's balance sheet bearing date December 31, 1923. In this statement its stock (2,675 shares) was carried on the books at par and "earned surplus" of $1,043,885.42 appeared. This statement would give the stock a book value of $615 per share. One of petitioners' witnesses stated that in his opinion the stock was worth at the date of Mrs. Kelly's death 50 per cent. of its book value. Another testified that he considered it worth 60 per cent. of its book value. Petitioners, in making their return to the government for the purposes of taxations, placed the value at about the same figure. The Commissioner and the Board placed a value of about $475 per share on this stock.

There was other evidence bearing on this issue. The assets of the Merrill Lumber Company consisted of three items: (a) $120,000 represented by notes of the Tide Water Timber Company; (b) $175,000 due from the sale of timber land, etc.; (c) 30 per cent. of the capital stock of the Tide Water Timber Company. The value of the first two items is hardly disputed. They were worth their face value. Item (b) was evidently paid in full shortly after Mrs. Kelly's death. Concerning the third item, there was room for considerable difference of opinion. One of petitioners' witnesses testified:

"The Tide Water Company made money and in July 1928 the books showed a surplus of approximately $97,000 for it and its subsidiary corporation, the Astoria Southern Railway Company. Its outstanding capital stock was $3,500,000."

In the Merrill Lumber Company's 1923 statement the 30 per cent. stock of the Tide Water Timber Company was carried at $1,032,500.

The Tide Water Timber Company was a Michigan corporation, licensed to do business in Oregon, organized in 1922 as a consolidation of three different timber holding companies. It was created for the purpose of liquidating the affairs of three companies with large timber holdings in Clatsop county, Ore. No statement of earnings and no balance sheet of this company was offered in evidence, although petitioners must have been in possession of all of the facts which showed how the Tide Water Company was faring.

Concededly there was little or no general market for this stock. Opinion evidence as to the value of such stock is therefore not very persuasive. In fact, the value of opinion evidence in any case depends largely upon the facts upon which the opinion is based. The weight of such evidence varies greatly. No hard and fast rule can be laid down governing its weight and persuasiveness. Experience has taught that a wide variance of opinion may be expected when the value of property is the subject of consideration and the variance is greater where salability of the commodity is almost nil.

The Merrill Company's 1923 statement, prepared for the few members who held its stock, placed a valuation upon the Tide Water Timber Company stock at approximately $100 per share. The Commissioner placed a valuation of about $80 a share. Upon the record before us, we are not justified in disturbing the Commissioner's finding.

The order is affirmed.