## SELLS LUMBER & MANUFACTURING CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5517.

Circuit Court of Appeals, Sixth Circuit.

June 12, 1930.

J. H. Winston, of Johnson City, Tenn. (Miller & Winston, of Johnson City, Tenn., on the brief), for petitioner.

S. D. Hanson, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, of Washington, D. C., Morton P. Fisher, Spec. Asst. Atty. Gen., and C. M. Charest, of Washington, D. C., on the brief), for respondent.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

PER CURIAM.

Petitioner is engaged in the business of manufacturing hardwood flooring. In 1920 it had a surplus of its product on hand, and, in order to dispose of it without appearing to be in competition with its customers in Philadelphia, it entered into an agreement with Smith, a resident of that city, and proceeded to do a retail business in the city under the name of Southern Flooring Company. Consignments were made to the flooring company at prices that would net petitioner, as a wholesaler, a profit of from 45 to 80 per cent. Certain consignments which it made during the year aggregated $47,150.20. These were shown on its books. On December 31st it credited itself with profits on these consignments of $14,157.12. It then charged the amount to "Reserve for Consignment," following which there was a journal entry, "30% on gross, $47,157.20 hereby set aside to cover losses on consignments of 1921. On hand and not sold 3/11/22 and subject to drop in prices." A further entry was that any deductions made by three concerns in Philadelphia in 1922 "covering 1921 shipments are to be charged to 'Reserve for Consignments' and not Profit & Loss." The Commissioner of Internal Revenue treated this $14,157.20 as profits set up as a reserve

fund. This action was sustained by the Board of Tax Appeals. The taxpayer contends that it represented profits credited on its books but not actually realized during the taxable year. It may be admitted that, if that contention is correct, the fund was not subject to a tax.

The Commissioner acted upon an audit of the taxpayer's return based upon an examination of its accounts and records. The return was not before the Board of Tax Appeals and is not in this record. The petitioner's ledger accounts with the Southern Flooring Company contain items credited to petitioner as gross profits, but it cannot be determined how these items were arrived at. The books do not show that the consignments on which the items here in question were based were ever paid for by the flooring company. That, however, cannot be accepted as conclusive in view of the profit entries which support the decision of the Commissioner. What the Commissioner had before him in the audit or what appears from all the records and accounts on which it was based is a matter of surmise. The burden was on the petitioner to show before the Board of Tax Appeals that the action of the Commissioner was wrong. Wickwire v. Reinecke, 275 U. S. 101, 48 S. Ct. 43, 72 L. Ed. 184; Austin Company v. Commissioner, 35 F.(2d) 910 (6 C. C. A.). It might easily have shown, if it were true, that the consignments on which it credited itself with these profits were not sold during the taxable year. No evidence was introduced on that subject, and there was nothing before the Board of Tax Appeals to overcome the presumption supporting the decision of the Commissioner.

The order is affirmed.