## JOHN B. MORRIS FOUNDRY CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5758.

Circuit Court of Appeals, Sixth Circuit.

Oct. 9, 1931.

Laurence Graves, of Washington, D. C. (Alfred G. Allen and Ike Lanier, both of Cincinnati, Ohio, on the brief), for petitioner.

J. G. Remey, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, A. G. Divet, C. M. Charest, and P. S. Crewe, all of Washington, D. C., on the brief), for respondent.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

Petition by the John B. Morris Foundry Company to review a decision of the Board of Tax Appeals affirming the action of the Commissioner of Internal Revenue in assessing, on redetermination, a deficiency in income taxes against it in the sum of $1,992.25 and $7,119.85 for the years 1925 and 1926 respectively.

Petitioner, a corporation, organized in 1890, manufactured castings until 1905. In 1905 it began the manufacture of machine tools. After about five years' experience it concluded that the manufacture of such tools by a foundry company adversely affected their sale. Therefore the John B. Morris Machine Tool Company, a corporation, was or-

ganized with an authorized capital of $125,-000, all of which was issued to petitioner's stockholders in proportion to their holdings. Thereafter and before January 1, 1925, the name of the tool company was changed to the Morris Machine Tool Company. Its capital stock was reduced to $25,000, and the par value thereof was reduced from $100 to $20 per share. Both companies have at all times occupied the same building and the same offices, and have retained the same bookkeeper. The officers of the two companies have always been the same, with the exception of the secretary of the tool company. Petitioner manufactures all the castings used by the tool company.

During the progress of the business, the majority stockholders as a matter of policy made sales or gifts of a small number of their shares to employees. The stock ownership of both companies during the calendar years 1925 and 1926 is set forth in the table.[1]

The issue before the Board of Tax Appeals was whether the petitioner and the tool company were affiliated during the calendar years 1925 and 1926 within the meaning of section 240 (c) and (d) of the Revenue Act of 1926, ch. 27, 44 Stat. 9 (26 USCA § 993 (c) and (d), i. e., whether at least 95 per cent. of the stock of both corporations was "owned by the same interests."

Petitioner's point is that the business and family relationship shown to exist between certain stockholders of both corporations constitute ownership by the same interests, and from this viewpoint the same interests own at least as much as 95 per cent. of the stock of both corporations. We cannot assent. The evidence to support petitioner's claim consists of the relationships reflected in the subjoined tabulation.

The material portion of section 240 (c) is as follows:

"For the purpose of this section two or more domestic corporations shall be deemed to be affiliated * * * (2) *if at least 95 per centum of the voting stock of two or more corporations is owned by the same interests.* This subdivision shall be applicable to the determination of affiliation for the taxable year 1925.

"(d) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated * * * (2) *if at least 95 per centum of the stock of two or more corporations is owned by the same interests.* * * * This subdivision shall be applicable to the determination of affiliation for the taxable year 1926. * * *" (Italics ours.)

Treasury Department Regulation 69, article 633, in force at the time of the passage of the act, defined the phrase "the same interests" as follows: "The words 'the same

| | | [1] The John B. Morris Foundry Company Number of Shares | The Morris Machine Tool Company Number of Shares |
|---|---|---|---|
| 1. | Geo. McG. Morris, President | 1260 | 635 |
| 2. | S. M. Blackburn, Vice President | 330 | 213 |
| 3. | Alfred K. Nippert | 20 | 11 |
| 4. | Mathias Boehm | 12 | 5 |
| 5. | A. M. Rittenhouse, Secretary | 10 | 5 |
| 6. | Mrs. Emma Niehaus | 85 | 62 |
| 7. | Chas. Kobmann | 20 | 9 |
| 8. | Chas. Kobmann and Fred Guckenberger, Trustees | 10 | 3 |
| 9. | Fred Guckenberger | 5 | |
| 10. | Kate Guckenberger, wife of No. 9 | 10 | 3 |
| 11. | Chas. J. Miner | 93 | 12 |
| 12. | Grace M. Miner, sister of No. 11 | 92 | 13 |
| 13. | Mrs. Mable S. Stonehill | 79 | 44 |
| 14. | Geo. M. Stearns | 79 | 43 |
| 15. | Mrs. Geo. M. Stearns | 2 | 2 |
| 16. | Mrs. Miriam N. Nason | | 29 |
| 17. | Mrs. Miriam N. Nason, guardian for daughter | 79 | 14 |
| 18. | Mrs. E. R. Morris, wife of No. 1 | | 25 |
| 19. | Mrs. Minnie Minebrecker | | 5 |
| 20. | Charlotte Minebrecker, daughter No. 19 | 10 | |
| 21. | Anna C. Wessel | 30 | |
| 22. | W. J. Buvinger | 30 | |
| 23. | Mrs. Minnie D. Douglass | 25 | |
| 24. | C. S. Blackburn, nephew of No. 2 | 12 | |
| 25. | B. F. Lewis | 2 | |
| 26. | A. C. Pletz, Secretary | | 52 |
| 27. | J. H. Heitbrink, was an employee | | 5 |
| 28. | Mrs. Flora Berkmeyer, widow of employee | | 5 |
| 29. | E. G. Mechstroth, an employee | | 5 |
| | | 2295 | 1250 |

(Rows 13–17 are bracketed as "One family".)

interests' shall be deemed to mean the same individual, partnership, or corporation, or the same individuals, partnerships, or corporations, but when the stock of two or more corporations is owned by two or more individuals, by two or more partnerships, or by two or more corporations, the corporations will not be held to be affiliated unless the percentage of the stock of such corporations held by each individual, each partnership or each corporation is substantially the same in each of the corporations."

However, on November 12, 1927, this definition was dropped, and thereafter the regulation followed the statute. We may assume, therefore, without deciding, that in a given case the shares of a class of stockholders common to two corporations (herein 15 in number) are for the purposes of affiliation owned by the same group interests. We may further assume that under given circumstances shares owned by relatives of any of the first mentioned group of stockholders may, for affiliation, be justly said to be owned by the group interests, and that such related stockholders may be classified as belonging to such group. See Kile & Morgan Co. v. Commissioner, 41 F.(2d) 925 (C. C. A. 1).

■ We do not mean to intimate that such an assumption would be warranted in this case because of the meagerness of its evidential facts. The assessment by the Commissioner was prima facie right, and the burden was upon petitioner to make it clear to the Board, at least by a preponderance of the evidence, that it was wrong. U. S. v. Anderson, 269 U. S. 422, 443, 46 S. Ct. 131, 70 L. Ed. 347; Wickwire v. Reinecke, 275 U. S. 101, 105, 48 S. Ct. 43, 72 L. Ed. 184; Austin v. Comm'r, 35 F.(2d) 910, 912 (C. C. A. 6); Portage Silica Co. v. Comm'r, 49 F.(2d) 985, 986 (C. C. A. 6). There was substantially no evidence before the Board except such as has been recited herein and found in the footnote hereto. See Oriental Real Estate Co. v. Comm'r, 17 B. T. A. 1220, 1221. But, taking it for granted that the situation is as it appears in the tabulation, we are not warranted in disturbing the action of the Board, for, after classifying the stockholders as above indicated, we have a group which, although owning more than 95 per cent. of the stock of petitioner, does not own 95 per cent. of the stock of the tool company. It owns only 1,183 shares thereof, or 94.64 per cent. The remaining 67 shares, or 5.36 per cent., are owned as follows: Pletz, secretary, 52 shares;

Heitbrink, 5 shares; Flora Berkmeyer, widow of an employee, 5 shares; and E. G. Mechstroth, an employee, 5 shares. Upon such showing alone affiliation must fail because the act is plain, and the requirement of "at least 95 per cent. of the stock" of both corporations is lacking.

But it is urged that stockholders Pletz and/or Heitbrink, Berkmeyer, and Mechstroth should be associated with the original group, and that, if this is allowed, the lack will be supplied. The foundation for such insistence is that the group, dominant in the control of both corporations, really owned the 67 shares of Pletz, Heitbrink, Berkmeyer, and Mechstroth. The basis for such claim is: (1) That Pletz, being secretary, was under moral or economic coercion to ally himself with the dominant influence in both companies if he would retain his position; (2) that the same was true as to Mechstroth, an employee; and (3) that the shares of Heitbrink and Mrs. Berkmeyer were so insignificant as to be naturally dominated by the majority allied interests.

■ We think the proposition strained and untenable. Whatever might be said as to whether under the circumstances the allied majority interests controlled the 67 shares of Pletz and others (a point upon which there is a divergence of judicial opinion), we have no hesitancy in concluding that they did not *own* them, and we are dealing with *ownership* and not *control*. That feature was present in the Revenue Act of 1918, § 240 (b), 40 Stat. 1082, and of the Revenue Act of 1921, § 240 (c), 42 Stat. 260, but was entirely eliminated from the Revenue Acts of 1924 and 1926. Even when they were used in prior acts it was never thought that the terms "owns" and "controls" were used synonymously. U. S. v. Cleveland P. & E. R. Co., 42 F.(2d) 413, 418 (C. C. A. 6); Great Lakes Hotel Co. v. Comm'r, 30 F.(2d) 1, 4 (C. C. A. 7). The Revenue Act of 1926, supra, following the Revenue Act of 1924, not only abandoned the word "control" used in the prior Revenue Act of 1918, § 240 (b), and Revenue Act 1921, § 240 (c), but also the phrase "substantially all" and substituted therefor the phrase "at least ninety-five per centum." The evident purpose of the Congress was not only the more clearly to identify but also to narrow the group for whose benefit affiliation would be available.

The decision of the Board of Tax Appeals is affirmed.