### UNION TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE (two cases).
### Nos. 5771, 5772.

Circuit Court of Appeals, Sixth Circuit.

Dec. 18, 1931.

H. J. Richardson, of Washington, D. C. (Roper, Hurrey & Dudley, of Washington, D. C., on the brief), for appellant.

H. N. Larson, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and Prew Savoy, all of Washington, D. C., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

These cases were heard together. In No. 5771, petitioner as trustee for "Valley Ridge Farm" trust seeks a review of a decision of the Board of Tax Appeals affirming the action of the Commissioner of Internal Revenue in assessing on redetermination a deficiency of $1,025.77 in income taxes for 1922.

On October 13, 1921, J. H. Wade, under the terms of a trust agreement, conveyed to petitioner as trustee certain premises situated in Cuyahoga and Geauga counties, Ohio, styled "Valley Ridge Farm," and assigned to petitioner as part of the trust estate certain income-producing securities. The dominant purpose of the trust is not set forth in the agreement, but petitioner was given absolute control of the estate with power to handle, manage, sell, invest, reinvest, lease, and deal with it in such manner as to it should seem wise. From the income of the estate, petitioner was required to pay all necessary charges and expenses for its proper care, management, and preservation, including taxes, assessments, insurance, maintenance, repairs to buildings, equipment, and furnishings, and all expenses of operating the property.

Petitioner accepted the trust, and during the year 1922 received from the sale of products from the property $2,676.62, and expended for improvements and maintenance thereof $42,129.68. There was therefore an excess of expenditures over receipts of $39,-453.06 which petitioner claimed as a deductible loss. The disallowance of this claim gives rise to the deficiency.

The assessment was prima facie right and must stand, unless petitioner sustained the burden before the Board of showing that it was entitled to the deduction. Wickwire v. Reinecke, 275 U. S. 101, 105, 48 S. Ct. 43, 72 L. Ed. 184; Portage Silica Co. v. Comm'r, 49 F.(2d) 985, 986 (C. C. A. 6); Lincoln Bank & Trust Co. v. Comm'r, 51 F.(2d) 78, 80 (C. C. A. 6).

The facts were stipulated. Petitioner's claim was based upon section 214(a) (1) of the Revenue Act of 1921, c. 136, 42 Stat. 227, 239, which provides that all *ordinary and necessary* expenses paid or incurred during the taxable year in carrying on any trade or *business* shall be allowed as deductions in computing net income. (Italics ours.) The word "business," as used in the statute, must be construed to mean "that which occupies the time, attention and labor of men *for the purpose of a livelihood or profit.*" (Italics ours.) Von Baumbach v. Sargent Land Co., 242 U. S. 503, 514, 37 S. Ct. 201, 61 L. Ed. 460; Flint v. Stone Tracy Co., 220 U. S. 107, 171, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312. See, also, Wilson v. Eisner,

282 F. 38, 42 (C. C. A. 2); Thacher v. Lowe (D. C.) 288 F. 994.

 It is admitted that the expenditures for which petitioner sought deduction were incurred in the maintenance and operation of the Valley Ridge property, but petitioner's obstacle is that it failed to establish before the Board the essential facts: (1) That it carried on farming operations thereon for gain; and (2) that the expenses incurred were both ordinary and necessary in transacting a farming business. The premises were styled a farm, but the features which would characterize it as such were not disclosed. In the main the record is silent as to the nature of the activities carried on. It will serve no purpose to indulge in surmise or conjecture. We think it is fair to assume that, if plaintiff had devoted the land to agriculture for expected profit, it could and would have shown the fact by pertinent evidence. It failed in this vital particular.

Further, if we assume that petitioner operated the property as a farm for profit, there is no substantial evidence that the deductions claimed were the "ordinary and necessary" expenses incident thereto. The evidence upon the point consists of a schedule of "farm expenses" which was originally returned with petitioner's tax schedule and which was incorporated in the stipulation of facts. This schedule consists of lump sums carried under sixteen headings, but it was impossible for the Board of Tax Appeals to have ascertained from it what portions, if any, of these items were deductible as ordinary and necessary expenses. If the property was operated for profit, some of these expenditures may have been deductible. But deductions may not be allowed upon probabilities. Petitioner was required to establish the right to them by proof. Lincoln Bank & Trust Co. v. Comm'r, supra; Comm'r v. Old Dominion S. S. Co., 47 F.(2d) 148, 150 (C. C. A. 2). Three items, to wit, "hired help, $19,484.60," "painting, $7,597.-

72," "miscellaneous expenses, $4,701.18," are illustrative.

 From the circumstances disclosed, it is a reasonable inference that large portions of these particular items, as well as of others listed in the schedule, were expended for betterments and improvements upon homes which Wade's children were permitted to establish upon the estate, and, if so, they were not deductible. See Revenue Act of 1921, § 215(a) (2) (3), 42 Stat. 242.

We think that petitioner failed to sustain its claim in case No. 5771, and the decision of the Board of Tax Appeals is affirmed.

In No. 5772, petitioner, as trustee for "Mill Pond Plantation," seeks a review of a decision of the Board affirming the action of the Commissioner in assessing against it a deficiency of $1893.62 for 1922 and of $1,852.-80 for 1923.

On October 13, 1921, Wade conveyed to title trustees certain premises in Thomas county, Ga., known as Mill Pond Plantation, consisting of about 9,108.2 acres. He contemporaneously assigned to petitioner certain income-producing securities as a portion of the trust estate and executed with petitioner a trust agreement which was substantially similar to the trust agreement in evidence in the record in No. 5771. Petitioner operated this property during 1922 and 1923. For 1922 it reported $2,420.27 as income therefrom and $33,759.91 as expenses. For 1923 it reported $149.96 income and $33,626.60 as expenses. Petitioner claimed therefore a net loss for 1922 of $31,339.64 and for 1923 of $33,476.64. The Commissioner disallowed these deductions. As in No. 5771 the matter was presented to the Board upon stipulated facts. The question is substantially the same as in No. 5771; the facts are similar in effect, and our conclusion is controlled by the opinion in that case.

The decision of the Board of Tax Appeals is therefore affirmed in No. 5772.