## PEERLESS INV. CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 7696.

Circuit Court of Appeals, Ninth Circuit.
Dec. 17, 1935.

M. M. Matthiessen and Robert R. Rankin, both of Portland, Or., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, John MacC. Hudson, and J. P. Jackson, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

DENMAN, Circuit Judge.

The petitioner herein seeks a review of a decision of the United States Board of Tax Appeals finding a deficiency in petitioner's 1929 income tax of $2,728.92 and denying his claim for refund of $5,688.91, the tax already paid for the year in question.

In 1928 one William L. James, acting on behalf of the Pacific Stages Company, an Oregon corporation, and on behalf of all its stockholders, of which he was one, sold to the Southern Pacific Motor Transport Company, a competitor, an option to purchase the entire stock of Pacific Stages. The consideration for the sale was to be the sum resulting from an appraisal of all the assets of Pacific Stages at the time of the sale, plus one-half the profits of its operations for three years thereafter.

In October, 1928, a supplemental agreement was concluded between James and the Transport Company whereby it was provided that the latter should have the privilege of paying the sum of $90,000 in lieu of one-half the profits for three years.

In December, 1928, the Transport Company exercised its option to purchase. The immediate consideration, based on appraisal of the assets of Pacific Stages, was $116,487.54. Of this sum the Transport Company at that time paid all but $10,356.24 which it retained to meet contingent claims against the assets. It was uncertain, at this time, whether the vendee would render the remainder of the consideration in payments of half the profits over a period of three years, or in a lump sum of $90,000 as it was privileged, under the supplemental agreement, to do.

After the sale, seven former stockholders of Pacific Stages, including James, owning 705 of the 1,908½ outstanding shares of that corporation (which stock had by this time passed to the Transport Company), purchased from the other former stockholders their entire rights under the contract with the Transport Company, at the rate of $80 per share of their former holdings. These obligations were satisfied out of the $106,131.27 already paid by the buyer, leaving in the hands of James a balance of $9,851.27. Also due James as representative of the seven former stockholders was so much of the $10,356.24, retained by the Transport Company to meet contingent obligations of Pacific Stages, as was not required for that purpose, and the stated percentage of profits or the $90,000, whichever the Transport Company should choose to pay.

In January, 1929, James and his six associates, former stockholders of Pacific Stages, incorporated the Peerless Investment Company, petitioner herein, under the laws of Oregon. The new corporation had an authorized capital stock of 1,000 shares at the par value of $100 each. 705 shares were issued to the seven associates in like proportion as they had held stock in Pacific Stages. The consideration for these 705 shares consisted of all rights under the Transport Company contract held by the associates, including the rights they had taken over from the remaining former Pacific Stages stockholders, plus the $9,851.27 still retained by James out of the original payment made to him by the Transport Company.

In May and August of 1929, the Transport Company paid to petitioner the $10,356.24 which it had retained out of the original payment on the sale contract to meet contingent claims. In December, 1929, it exercised the supplemental option to pay $90,000 in lieu of half the profits for three years and paid petitioner $30,000 in cash and $60,000 in promissory notes.

In its original income return for 1929, petitioner showed a profit of $39,069.27, at which it arrived by subtracting the value of the Transport Company contracts when received from the amounts realized thereon. In computing the amounts realized, petitioner added the $30,000 cash and $59,361.76 discounted value of the notes, both cash and notes received in December, 1929, to the $10,356.24 paid over in May and August, the sum which had been retained by the Transport Company to meet contingent claims. These items made a

total realized of $99,718. The subtracted value of the contracts when received was estimated by the petitioner to be $60,648.73.

The Commissioner, in his redetermination of the tax liability for 1929, did not treat the $10,356.24 item as income, but listed it together with the $9,851.27 cash paid in by James at organization on both sides of the ledger, that is, as a portion of the amounts realized on the contracts and as value paid in at the time of organization.

■ This left for computation the value of the Transport Company's optional obligation to pay either the stated percentage of the profits for three years or $90,000. The Commissioner valued this contract at $36,192.49 at the time it was received by the petitioner. Petitioner produced no evidence to refute this valuation found by the Commissioner other than an opinion by James that, because competition had been removed, the profit should increase, and the exercise of the option to pay the $90,000 in lieu of the profits eleven months after the acquisition of the contract by petitioners. We cannot disturb the finding of the board that such evidence is insufficient to overcome the presumption of the correctness of the Commissioner's valuation of $36,192.49. Wickwire v. Reinecke, 275 U.S. 101, 105, 48 S.Ct. 43, 72 L. Ed. 184; Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212.

After the exercise of the option the amount realized was $89,361.76 in cash and discounted notes. The differential was $53,169.27, a taxable gain. The Board of Tax Appeals sustained the Commissioner, decreed a deficiency, and rejected petitioner's claim for a refund of taxes already paid.

The decision is clearly correct. That a taxpayer who acquires an asset for $36,000 in January and realizes $89,000 on that asset in December has realized a taxable gain seems too obvious for argument. Petitioner's arguments for a contrary result in this case are somewhat confused and unilluminated by the citation of a single case. For example, the petitioner contends that, "There was no sale or exchange, but a mere realization by the corporation of the amounts due upon the capital asset."

■ If this is an assertion that an increment in capital assets is not taxable income, the assertion is completely denied by Eisner v. Macomber, 252 U.S. 189, 207,

40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570, and United States v. Kirby Lumber Co., 284 U.S. 1, 3, 52 S.Ct. 4, 76 L.Ed. 131. If it is intended to be argued that taxable gain may not result from the discharge of a contract obligation at an enhanced valuation, as distinguished from the sale of such obligation, the argument is without merit. Ruth Iron Co. v. Commissioner (C.C.A.) 26 F.(2d) 30, 33; Eldredge v. United States (C.C.A.) 31 F.(2d) 924, 928; Wells Amusement Co. v. Commissioner (C.C.A.) 70 F.(2d) 208, 209, 212.

■ We take this argument to be in effect, as are other points urged by petitioner, that the value of the contract with the Transport Company was substantially greater than the Commissioner's estimate of $36,192.49. But, as we have pointed out, the burden of proof in an attack on the Commissioner's valuation rests upon the taxpayer, and the board found that the burden in this case was not sustained.

Affirmed.