## MICHIGAN CAB CO. v. KAVANAGH, Collector of Internal Revenue.

### No. 1837.

United States District Court
E. D. Michigan, S. D.

Oct. 3, 1941.

Shields, Ballard, Jennings & Taber and Donald G. Fox, all of Lansing, Mich, for plaintiff.

John C. Lehr, Dist. Atty., and J. Thomas Smith, Asst. Dist. Atty., both of Detroit, Mich., for defendant.

LEDERLE, Chief Judge.

#### Findings of Fact

I. Plaintiff, a Michigan corporation, filed its complaint against the Commissioner of Internal Revenue for the District of Michigan on May 1, 1940, seeking to recover taxes paid for the month of August, 1937, under Title VIII of the Social Security Act, 42 U.S.C.A. § 1001 et seq., which plaintiff claims were erroneously and illegally assessed and collected by the defendant Commissioner, in the amount of $233.40. Plaintiff paid under protest the tax as assessed in October, 1939, and duly filed a claim for a refund, which was denied by the Social Security Board on April 25, 1940.

II. Plaintiff owns and operates a fleet of approximately fifty taxicabs in the Cities of Lansing, Kalamazoo and Battle Creek, Michigan, and is authorized by the State of Michigan to conduct "a general cab and taxi business."

Since 1929 plaintiff's cabs have been operated under written agreements entitled "Agreement for Hire of Taxicab" by drivers licensed as chauffeurs by proper city and state authorities.

In accordance with the terms of these agreements, plaintiff owns and furnishes cabs, oil, insurance and mechanical services in connection therewith and dispatches all orders. The drivers in turn pay $4.25 per twelve-hour shift for the use of a cab and plaintiff's services, plus the cost of the gasoline consumed. In addition, each driver must deposit $25 with the plaintiff subject to a guarantee that the cab assigned to him will be returned in good condition and will be on the street properly manned

each day the driver is supposed to be on duty unless notice is given to the company by the driver twenty-four hours in advance. For failure to work without giving the proper notice, the company has the right to deduct the stipulated rental for the cab from the driver's deposit.

The cabs must all be operated as units of the Plaintiff's fleet. The drivers all wear similar uniforms; are subject to company rules and regulations; and are subject to dismissal by the company for incompetency.

The drivers, except those in the City of Battle Creek, are all members of the American Federation of Labor, and have entered into the usual employer-employee union agreement with the plaintiff company.

They are required to report accidents to the company "immediately" and are bound to reimburse the company for any damage or expense caused by their fault or neglect.

III. Plaintiff was advised by the Commissioner of Internal Revenue on December 23, 1936, that it would be held liable for the tax under the Social Security Act. Plaintiff was unable to collect the tax and had difficulty in obtaining any reports of earnings from its drivers until 1939. On the failure of the plaintiff to collect the tax in 1936, the Commissioner assigned a deputy collector to prepare and file a tax return for the plaintiff company. After interviewing three of plaintiff's drivers and examining plaintiff's books and records as to the hours worked, the Examiner estimated the average earnings of plaintiff's drivers to be $6 per day. The assessment here involved was then based on the estimate obtained as a result of the above investigation.

IV. On the facts shown by plaintiff in this case, the assessment made was excessive and arbitrary and was considerably in excess of the amount which as a matter of common knowledge was being paid taxi-cab drivers at that time. Plaintiff's evidence clearly shows that the proper basis for the assessment here involved should not exceed the average earning rate of $4.50 per day.

## Conclusions of Law

I. The relationship existing between the company and the drivers is one of employer and employee within the meaning of Title VIII of the Social Security Act, Title 42 U.S.C.A. § 1001 et seq., and plaintiff is therefore liable for the tax imposed under that Act. Jones v. Goodson, 10 Cir., 1941, 121 F.2d 176; Kaus v. Huston, D.C., 35 F.Supp. 327.

II. Where the taxpayer shows the Commissioner's determination to be excessive and arbitrary, the taxpayer is not bound to pay the tax. Helvering v. Taylor, 293 U.S. 507, at page 514, 55 S.Ct. 287, 79 L.Ed. 623; Guggenheim v. Helvering, 2 Cir., 117 F.2d 469, at page 474.

III. Generally evidence adequate to overthrow the Commissioner's findings is also sufficient to show the correct amount that is due. Helvering v. Taylor, 293 U.S. 507, at page 514, 55 S.Ct. 287, 79 L.Ed. 623; Wickwire v. Reinecke, 275 U.S. 101, at page 105, 48 S.Ct. 43, 72 L.Ed. 184; Adams v. Commissioner of Internal Revenue, 8 Cir., 110 F.2d 578, 584; Hamlen v. United States, D.C., 31 F.Supp. 309, 312; Brooks v. United States, D.C., 32 F.Supp. 158, 165.

A judgment may be entered allowing plaintiff to recover the difference between the amount paid and the amount which should have been paid on a proper assessment. If the parties are unable to agree as to the proper amount of the judgment, the matter may be brought on for hearing for an amendment of these findings in accordance with the provisions of Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A.