Ida P. Huggins v. Commissioner.
Huggins v. Commissioner
Docket No. 109539.
United States Tax Court
1943 Tax Ct. Memo LEXIS 359; 1 T.C.M. (CCH) 904; T.C.M. (RIA) 43172; April 17, 1943
*359 Glenn Y. Davidson, C.P.A., Gulf Bldg., Houston, Tex., for the petitioner. Wilford H. Payne, Esq., for the respondent. ARNOLD Memorandum Opinion ARNOLD, Judge: The respondent determined a deficiency of $1,731.48 in petitioner's income tax for the year 1939 as the result of several adjustments in her return. Her address is 1017 Chronical Building, Houston, Texas, and her return was filed with the collector of internal revenue for the first district of Texas, Austin, Texas. The only question involved arises from the different treatment by the parties of an amount of $12,087.85 received by petitioner upon the sale of certain land and the improvements thereon. No question is raised as to the other adjustments. The case was presented upon stipulated facts which are found as stipulated. The pertinent parts are restated below. [The Facts] In 1917 petitioner's mother acquired certain improved residential property located at 4208 San Jacinto Street, Houston, Texas, at a cost of $9,000, of which $2,500 was allocated to the land and $6,500 to the improvements thereon. In 1923 the foregoing residential property was acquired by petitioner as a gift from her mother and was thereafter occupied *360 as petitioner's personal residence until on or about March 1, 1937, at which time petitioner vacated the premises and converted the same to rental property. It was thereafter rented to a tenant and used for residential purposes. The fair value of the improvements at the time of conversion to rental property was determined by petitioner to be $5,000 and this value was accepted by the Bureau of Internal Revenue as the correct basis for the computation of allowable depreciation on said improvements. The property was rented continuously from March 1, 1937 to the time of its sale in January, 1939. From March 1, 1937 to December 31, 1937, it was rented for $125 per month, and throughout the year 1938 and until the date of sale in January, 1939, it was rented for $100 per month. For the year 1938 the property was assessed for local real estate tax purposes at a value of $3,300 for the improvements and at a value of $4,420. for the land. On or about January 5, 1939, the foregoing improved real estate was sold by petitioner to Sears Roebuck & Co. for a net sales price of $12,087.85. The correct adjusted basis of the improvements on the property at date of sale was $4,755.85 and the correct *361 basis for the land was $2,500. The property was included in approximately four square blocks of residential properties acquired by Sears Roebuck & Co. during the years 1938 and 1939 as a site for the erection of a large retail store, together with an automobile accessory and service station and adjacent surfaced parking lots for the convenience of the customers. The project represented a substantial new commercial development in that section of the city of Houston, Texas. Shortly after the acquisition of the foregoing property from the petitioner, Sears, Roebuck & Co. sold the improvements thereon for $550 as salvage, and the purchaser immediately razed and removed the residence and related structures. The land acquired from petitioner became a part of the surfaced parking lot used by customers of Sears, Roebuck & Co.
The respondent, in computing the gain derived by petitioner from the sale of the improved property in 1939, allocated the selling price between the land and improvements and determined the resulting profit therefrom in the following manner: Land
Improvements
Total
Sales price
$7,332.00
$4,755.85
$12,087.85
Adjusted basis
2,500.00
4,755.85
7,255.85
Profit (or loss)
$4,832.00
$ 4,832.00
Portion taxable under section 117, In-
ternal Revenue Code
$2,416.00
$ 2,416.00
Petitioner contends that the profit or loss should be computed as follows..
Land
Improvements
Total
Sales price
$7,332.00
$4,755.85
$12,087.85
Adjusted basis
2,500.00
4,755.85
7,255.85 lProfit (or loss)
$9,037.85
($4,205.85)
$ 4,832.00
Portion taxable (or deductible) under sec-
tion 117, Internal Revenue Code
$4,518.92
($4,205.85)
$ 313.07
*362 [Opinion] The question to be decided is whether respondent erred in allocating $4,755.85 of the total amount petitioner received for the property to the improvements and $7,332. to the land. Petitioner contends the allocation should be $550 to the improvements and $11,537.85 to the land, as shortly after the sale the improvements were disposed of by her purchaser as salvage $550for. She claims she suffered a loss of $4,205.85 upon the sale of the improvements, representing the difference between the $550 and $4,755.85, the adjusted basis of the improvements at time of sale. Petitioner's argument, in brief, is (1) that the lump sum sales price should be allocated between the land and the improvements on the basis of their respective values to the purchaser at the time of the sale, and (2) that the value of the land to the purchaser was the entire purchase price, less what could be derived from the sale of the improvements for salvage. Petitioner cites no authorities for the first proposition, and for the second she cites Union Bed & Spring Co. v. Commissioner ( C.C.A. 7th Cir., 1930), 39 Fed. (2d) 383, and Milwaukee Woven Wire Works, 16 B.T.A. 75. *363 The respondent's position is that his allocation was a reasonable one, in view of all the facts, and that petitioner has failed to rebut the presumption of correctness which attaches to the determination of the Commissioner of Internal Revenue, Helvering v. Taylor, 293 U.S. 507 (1935); Welch v. Helvering, 290 U.S. 111 (1933); Lucas v. Kansas City Structural Steel Co., 281 U.S. 264 (1930); Wickwire v. Reinecke, 275 U.S. 101 (1927). In presenting the case, the parties have treated the gain or loss applicable to the improvements as ordinary gain or loss, taxable or deductible in full, as the case may be without regard to the capital gains and losses provisions of section 117, Internal Revenue Code. The case involves a question of fact and the burden of proof is upon the petitioner to show that the Commissioner erred in his determination. Helvering v. Taylor, supra;Welch v. Helvering, supra;Lucas v. Kansas City Structural Steel Co., supra;Wickwire v. Reinecke, supra; *364 Rule 32, Rules of Practice, before The Tax Court of the United States. The improvements were a part of the land at the time of sale to Sears Roebuck & Co. and no allocation was made or attempted to be made as between the value of the improvements and the value of the land by the parties to that transaction. The entire property was sold for a lump sum of $12,087.85. Petitioner's contention that $550 only should be allocated to the improvements because Sears Roebuck & Co., after the purchase, sold the improvements for that amount is untenable. The price for which Sears Roebuck & Co. sold the improvements, admittedly salvage, after the sale has but little if any weight in determining the relative value between the improvements and the land at time of sale. The improvements were not suitable to the purposes for which Sears Roebuck & Co. purchased the property, and had it given them away, petitioner's argument would lead to the absurd conclusion they were without value. The cases cited petitioner are not in point. Evidently, it was the improvements on the land that enabled petitioner to realize the favorable rentals received from the property while she owned it. In view of the rentals *365 which they brought in, the improvements certainly had a value considerably more than what they could be sold for as salvage. G. Wildy Gibbs, 28 B.T.A. 18. The respondent allocated to the improvements an appreciably smaller amount than would be arrived at by apportioning the sales price between the land and improvements upon the ratio of their respective bases, and the relative values placed thereon by the assessing authorities for local tax purposes as in J. S. Cullinan, 5 B.T.A. 996. We conclude the evidence in the record is not sufficient to overcome respondent's determination. Judgment will be entered for the respondent.