Clarence L. **HUGHES**, Louise Hughes, Plaintiffs,

v.

**UNITED STATES of America,**
Defendant.

Civ. A. No. 5071.

United States District Court
S. D. Ohio, W. D.

April 5, 1965.

⟜615

---

H. Thomas Brown, Cincinnati, Ohio, for plaintiffs.

Peter J. Ciano, Atty., Dept. of Justice, Washington, D. C., for defendant.

JOHN W. PECK, District Judge.

For reasons best known to itself, defendant herein required and presented protracted testimony of a character well suited to stipulation in spite of plaintiff's expressed willingness to enter such stipulation. The record made at trial was further extended by masses of hearsay testimony received without objection which will be accorded the weight it deserves.

No controversy existed as to any item of evidence, the difference between the parties being reflected only in their varying interpretations of the evidence. Counsel agreed in their opening statements that the sole issue presented concerned whether the subject acquisition of real property by the taxpayer in 1956 was to demolish the principal structure thereon.

Evidence received during trial established that that structure, a frame residence building, existed on a lot known as 120 North Clinton Street, Middletown, Ohio, which was purchased in October 1956 by plaintiff * for $18,000. He further testified that his only reason for purchase was to use the property as a rental-investment asset and that he only abandoned this use because unfortunate selection of tenants resulted in such depredations that repair was not economically feasible. It is plaintiff's claim that this was the sole reason for the demolition of the building. After its destruction in April of 1958, plaintiff claimed an abandonment loss deduction for that calendar year and refund of prepaid taxes in the amount of $2,349.82. That claim was denied by the government, except for a tender of $492.52. Plaintiff refused that tender and brought the present action.

It is further established in the record that for some years prior to the period in question plaintiff had operated an automobile showroom and business on leased premises three lots away from the premises here involved. In 1940 he acquired the lot (No. 277) adjacent to the leased premises, and in 1951 he acquired the intervening lot (No. 276) between it and lot 275. In 1954 the structure on lot No. 276 was razed by order of the municipal fire department. Thereafter the lot was surfaced and rented by plaintiff to his business for an annual rent of $1900 as a parking area.

At the time of the acquisition of lot 275 the residence building was approxi-

---

* The singular is used because while there are two plaintiffs, they are husband and wife and for all purposes material here-

to only his interests and motivations need be considered.

mately 75 years old, and it was located in a block which is zoned for business and most of the surrounding property was of a business type. The rental of the premises above referred to was from approximately September of 1957 until approximately April of 1958 at which time the tenants were evicted for nonpayment of the $75 per month rent. Soon thereafter the house was razed.

The issue presented in this case arises by virtue of Section 165(a), 1954 Internal Revenue Code. It is agreed by the parties that under this section an issue of fact exists as to whether plaintiff intended to demolish the dwelling in question at the time of the purchase of the lot. See Montgomery Co. v. Commissioner, 330 F.2d 950 (6th Cir., 1964). If plaintiff did not have the intent to raze the dwelling at the time of its purchase the claim should be allowed, but if the intent to demolish existed at the time of purchase, no loss is allowable (Liberty Baking Co. v. Heiner, 37 F.2d 703 (3rd Cir., 1930)). If such intent existed, the fact that the actual demolition was to take place at some future time is immaterial (Providence Journal Co. v. Broderick, 104 F.2d 614 (1st Cir., 1939)).

Upon a consideration of all of the facts established by the record, including the brevity of the period between acquisition and demolition, the antiquity of the dwelling and high cost of restoration, its suitability for use in connection with plaintiff's adjacent business operation, inability at date of acquisition to realize a reasonable return on investment (the $18,000 property was immediately rented for $75.00 per month) and the incompatibility of the continued existence of such rental residential accommodations in a business community, it must be here held that plaintiff has not sustained the burden of establishing by a preponderance of the evidence that at the time of acquisition he intended use of the property as an income producing asset. The assignment of such burden of proof to the plaintiff arises from the presumption of correctness which at-

taches to a determination of the Commissioner. Wickwire v. Reinecke, 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184; Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212.

Pursuant to motion made at trial, defendant claims that it is entitled to judgment under Rule 41(a) on the ground that plaintiff failed to establish the value of the destroyed building. However, the view of the matter hereinabove indicated makes a consideration of this contention unnecessary. Defendant has further advanced argument to support its claim that plaintiff is not entitled to interest on the overpayment of $494.52 which it concededly owes plaintiff, but consideration of that argument is similarly made unnecessary by reason of plaintiff's agreement.

This memorandum opinion shall stand as the Court's findings of fact and conclusions of law within the meaning of Rule 52 of the Federal Rules of Civil Procedure, and an entry denying the relief sought in the complaint and otherwise in conformity herewith may be presented.