JAMES S. RODICH and MARY ANN RODICH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JAMES S. RODICH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rodich v. Commissioner
Docket Nos. 16622-80, 16663-80.
United States Tax Court
T.C. Memo 1983-478; 1983 Tax Ct. Memo LEXIS 307; 46 T.C.M. (CCH) 1083; T.C.M. (RIA) 83478; August 15, 1983. *307 James S. Rodich, pro se. Scott N. McCallum and Craig D. Platz, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Sec. 6653(a) [1]
Docket No.
Deficiency
Year
Addition to Tax
James S. Rodich
16663-80
$1,278.00
1976
$63.90
James S. Rodich and
16622-80
1,887.00
1977
94.35
Mary Ann Rodich
These cases have been consolidated for opinion. The issues are (1) whether petitioners understated their "toke" income by the amounts determined by respondent, (2) whether petitioners are liable for an addition to tax for negligence, and (3) whether petitioners are entitled to a jury trial. FINDINGS OF FACT Petitioners resided in Las Vegas, Nev., when they filed their petitions herein. During 1976 and 1977, petitioner James S. Rodich (petitioner) was employed as a dealer at Caesar's Palace, a gambling casino in Las Vegas, Nev.
In his notices of deficiency, respondent *308 determined petitioners understated their 1976 and 1977 toke income by $3,940.24 and $5,249.69, respectively. In their petitions, petitioners alleged that respondent's determinations of their toke income were "arbitrary and capricious." At the call of the cases, petitioner entered his appearance, requested a trial by jury, and stated that he would not present any evidence in his behalf. OPINION It is well settled that "TOKES" must be included in gross income. Olk v. United States,536 F.2d 876 (9th Cir. 1976). The burden of proof is on petitioners to overcome the presumption of correctness that attaches to respondent's determinations of their toke income. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. This case is among a group of related cases involving respondent's reconstruction of dealers' toke income at Caesar's Palace during 1976-1979. In our recent opinion in Catalano v. Commissioner,81 T.C. 8 (1983), we held that the methods utilized by respondent to reconstruct the toke income of 112 of these dealers were entirely proper under the circumstances. Since petitioners *309 have failed to present any evidence indicating that these methods were not equally appropriate herein, respondent's determinations must be sustained. The burden of proof is also on petitioners to show that no part of their underpayments was due to negligence. Since petitioners have failed to present any evidence on this issue, we sustain the additions to tax under section 6653(a). Enoch v. Commissioner,57 T.C. 781 (1972).[2]
With respect to petitioner's request for a jury trial, it is beyond question that there is no right to a jury trial in the Tax Court, and the denial thereof does not violate the Seventh Amendment. Wickwire v. Reinecke,275 U.S. 101 (1927); Browne v. Commissioner,73 T.C. 723 (1980). Accordingly, Decisions will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. See Williams v. Commissioner,T.C. Memo. 1980-494↩.