## SOUTHERN ABSTRACT & LOAN CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 6391.

Circuit Court of Appeals, Sixth Circuit.
June 7, 1934.

F. J. Albus, of Washington, D. C., for appellant.

J. P. Jackson, of Washington, D. C. (Pat Malloy, Sewall Key, E. Barrett Prettyman, and Francis L. Van Haaften, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

The controversy presented here arises out of a decision of the United States Board of Tax Appeals finding deficiencies against the petitioner in income and excess profits tax for the fiscal year ended June 30, 1919, in the amount of $6,980.99, and for the fiscal year ended June 30, 1920, in the amount of $5,415.-46. The petition for review presents various assignments of error which relate to the single contention that the Board of Tax Appeals erred in sustaining the Commissioner in his refusal to compute income on the basis of certain amended returns which are explained below.

The petitioner is a Delaware corporation which, from the time of its organization in 1906 up to and including the time of the transactions involved herein, was engaged in lending money as an agent, and taking real estate mortgages to secure such loans and to secure the interest and the commissions involved. Its principal for the most part was the Netherlands American Mortgage Bank of Holland.

The petitioner received for its services rendered in obtaining loans, and for the services which it rendered throughout the life of each loan, commissions represented by notes executed by each borrower. These notes bore no interest and were secured by second mortgage on the same property on which the first mortgage was given to secure the principal amount of the loan. The notes were payable sometimes in annual installments for terms of five or ten years. In certain instances where the term of the mortgage was five or ten years, five or ten such separate commission notes were taken. The amounts of commissions due on these notes were collected at the corresponding time of the interest payments upon the first mortgage loans made by the petitioner's principal. The greater part of the petitioner's income in all the years that it was in business was realized from these commissions.

In its original returns for a number of years, from 1913 to 1923, inclusive, the petitioner included as income for each year only the amounts of cash collected on commission notes in each such year. The unpaid commission notes were entered on the books of the petitioner as unearned interest, and were not accounted for on its books or reported as income.

In the fiscal years of 1919 and 1920, the petitioner collected $49,708.97 and $55,824.53, respectively, on commission notes taken in prior years. In these two years, respectively, it received new commission notes in the amount of $2,022.30 and $2,670.68, which were accounted for on its books as unearned interest. On October 6, 1923, the petitioner filed amended returns for the fiscal years end-

ed June 30, 1917, to 1920, inclusive. In these amended returns it included in its gross income for each year what it claimed to be the full face value of all commission notes therein received, excluding therefrom the amounts collected in cash during such years on commission notes taken in prior years. The Commissioner disapproved the proposed accounting practice set forth in the amended returns, and made deficiency assessments for each of the years 1919 and 1920. The Board of Tax Appeals sustained the Commissioner. 25 B. T. A. 1095.

The petitioner urges that its tax liability for the years in suit should be settled on the basis of the amended returns. While section 233(a) and section 213(a) of the Revenue Act of 1918 (40 Stat. 1077, 1065) have some general application, the controlling statute is section 212(b) of the Revenue Act of 1918 (40 Stat. 1064), which in its material portion provides as follows: "The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the commissioner does clearly reflect the income."

The Treasury Regulations applicable are the material portions of article 33 and article 34 of Treasury Regulations 45, which provide as follows:

Article 33. "Where services are paid for with something other than money, the fair market value of the thing taken in payment is the amount to be included as income. * * * "

Article 34. "Promissory notes received in payment for services, and not merely as security for such payment, constitute income to the amount of their fair market value. A taxpayer receiving as compensation a note regarded as good for its face value at maturity, but not bearing interest, may properly treat as income as of the time of receipt the fair discounted value of the note at such time. * * * "

It is the contention of the petitioner that its services to the bank were "paid for with something other than money," and that the fair market value of the commission notes taken in payment is shown by the record to have been from 60 to 66⅔ per cent. of the face value of the notes at the time they were re-

ceived. Petitioner urges that these notes so valued should be treated as income as of the time of receipt, and that the cash collected upon the notes as of the time of collection does not "clearly reflect its income."

The Commissioner is now barred from making assessments upon many of the commission notes received by the petitioner upon which it made cash collections in 1919 and 1920. Revenue Act of 1926, c. 27, 44 Stat. 9, 58, § 277(a), paragraph 3 (26 USCA § 1057 (a) (3). Hence, if the petitioner's contention is sustained, it would result in the petitioner's escaping taxation, not only upon cash collections made in 1919 and 1920, but also upon the income claimed to be represented by the fair market value of the notes for the years in which such notes were taken.

We conclude that under section 212 (b), Revenue Act of 1918 (40 Stat. 1064), the Board of Tax Appeals was clearly right in its order and decision, for the reason (1) that the commission notes in question were not income when received, because the amounts which they represented had not then been fully earned, and for the reason (2) that the petitioner's original method of accounting under the circumstances of this case, "clearly reflected income."

On the first point the petitioner's president testified that the petitioner was obliged under the contract to service the loans, to collect the interest and principal if it did not come to a foreclosure, and keep the insurance in force after the first year. Hence, before the notes could represent earned income, the petitioner had further and very substantial service to perform.

The petitioner recognized this fact by carrying the notes on its books as unearned interest. While this fact is not conclusive, taken together with the testimony as to the nature of these notes, which bear no interest and were secured only by second mortgage, it shows that the petitioner rightly considered that the notes were not income until they were collected.

On the second point the petitioner's bookkeeper stated that at the end of each year the books accurately reflected the profit of the business, and that the returns as made properly reflected what the books showed. He stated that the amount of cash received and the expenditures, together with a balance, could be determined from the books and that the net income determined on this basis was the net income placed on the income tax re-

turns during the period in which he had charge of the books.

Under section 212(b) of the Revenue Act of 1918, supra, a taxpayer's net income is to be computed "in accordance with the method of accounting regularly employed in keeping the books of such taxpayer." The method of accounting regularly employed over a number of years in keeping the books of the petitioner was to enter as income only the cash collected on the notes. The statute expressly provides that, "if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income." The Commissioner and the Board found that the original method of accounting did clearly reflect the income. Much latitude for discretion is given the Commissioner and the Board in enforcing the Revenue Acts. Lucas, Commissioner, v. American Code Co., Inc., 280 U. S. 445, 50 S. Ct. 202, 74 L. Ed. 538, 67 A. L. R. 1010; Brown v. Helvering, Commissioner, 291 U. S. 193, 54 S. Ct. 356, 78 L. Ed. 725.

The order of the Board of Tax Appeals is affirmed.