## OLD MERCHANTS NAT. BANK & TRUST CO. OF BATTLE CREEK, MICH., et al. v. UNITED STATES.

### No. 10927.

District Court, E. D. Michigan, S. D.

Feb. 10, 1939.

Sabin & Turner, of Battle Creek, Mich., for plaintiffs.

J. Thomas Smith, Asst. U. S. Atty., of Detroit, Mich., for the United States.

O'BRIEN, District Judge.

The facts in this case have been stipulated. There are two questions presented to the Court. First, whether or not certain state inheritance taxes paid in 1920 and 1921, which the taxpayer under a compromise agreement executed in 1920 agreed to repay, are deductible as an accrued item for the taxable year 1919; and second, whether if such item is accruable in 1919 as contended by the taxpayer, he must also accrue income from the share of royalties from Minnesota mining leases, in respect to the taxable year 1919.

The taxpayer on his income tax for the year 1919 stated that his return was filed upon both the accrued and cash basis. It is admitted that his business known as the Burt Portland Cement Company was kept on the accrual basis. Outside of the cement business, plaintiff's income consisted principally of salary, dividends, interest on bonds and savings account, which were reported as and when received, and his expenditures, outside of his expenditures for the cement business, were reported as and when they were paid and not until they were paid. I think the only fair inference from the stipulated facts is that plaintiff's income from the cement business was reported on the accrual basis and all other income and expenses were reported on the cash basis. In any event the burden of proof is upon the taxpayer to show that the determination of the Commissioner was wrong and that the inheritance tax was properly reported on the accrual basis, and I think he has failed to meet this burden.

It is presumed that taxes paid are rightly collected on an assessment correctly made by the Commissioner of Internal Revenue. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212. The assessment of the tax is prima facie correct and the burden of the proof rests upon the plaintiff to prove the illegality of the exaction made by the Commissioner. Reinecke v. Spalding, 280 U.S. 227, 50 S.Ct. 96, 74 L.Ed. 385; Wickwire v. Reinecke, 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184.

However, even though plaintiff had reported wholly on the accrual basis, I am of the opinion the inheritance taxes in question were not accruable in 1919. In Commissioner of Internal Revenue v. R. J. Darnell, Inc., 60 F.2d 82, 84, the Circuit Court of Appeals for this Circuit said:

"Income taxes are properly assessed upon the basis of annual returns (Burnet v. Sanford & Brooks Co., supra [282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383]); but 'generally speaking, the income tax law is concerned only with realized losses, as with realized gains' (Lucas v. American Code Co., 280 U.S. 445, 449, 50 S.Ct. 202, 203, 74 L.Ed. 538 [67 A.L.R. 1010]); and if income has neither actually been received during the taxable year, nor the right to its receipt been definitely fixed during that year, as to both the existence of an obligation on the part of the payor and the amount to be paid, such income is properly to be allocated only to that year in which it was in fact received or in which the right to receipt became fixed and liquidated. * * *

"The same general rule applies, we think, to losses or expenses claimed as deductions. * * * In each of these cases it was held that the loss could be claimed only in the year in which it was in fact 'sustained'; that is, in which the obligation to pay or charge upon its books became definitely fixed. As to both income and deductions it is the fixation of the rights of the parties that is controlling * * *."

See also Bauer Brothers Co. v. Commissioner of Internal Revenue, 6 Cir., 46 F.2d 874, certiorari denied, 283 U.S. 850, 51 S. Ct. 560, 75 L.Ed. 1458. Also Brown v. Helvering, 291 U.S. 193, 54 S.Ct. 356, 78 L.Ed. 725.

If plaintiff were allowed to deduct losses for the year 1919 on the accrual basis, he should also report all accrued income and, therefore, it would be taxpayer's duty to report royalties payable under Minnesota mining leases, which was not done.

I must, therefore, find that the plaintiff is not entitled under the record in this case to recover anything from the defendant and that a judgment of no cause for action should be entered in favor of the defendant and against the plaintiff.

The findings of fact and conclusions of law as requested by the defendant will be adopted as the findings of fact and conclusions of law of this Court.