737

OLD-MERCHANTS NATIONAL BANK & TRUST COMPANY OF BATTLE CREEK and Wellington R. Burt, Executors of the Last Will and Testament of George R. Burt, Deceased, Appellants, v. UNITED STATES of America, Appellee.

No. 8375.

Circuit Court of Appeals, Sixth Circuit.

Nov. 12, 1940.

B. R. Jouett, of Winchester, Ky., and Sabin & Turner, of Battle Creek, Mich., for appellants.

John C. Lehr and J. Thomas Smith, both of Detroit, Mich., for appellee.

Before ALLEN, ARANT, and MARTIN, Circuit Judges.

PER CURIAM.

The court, having considered the oral arguments and printed briefs of counsel, the findings of fact, conclusions of law and opinion of the District Court, 36 F.Supp. 961, and the entire record in this cause, is of opinion that no reversible error was committed by the District Court.

Accordingly, the judgment is affirmed.

BORDER QUEEN KITCHEN CABINET COMPANY, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE.

No. 11747.

Circuit Court of Appeals, Eighth Circuit.

Jan. 6, 1941.

Daily & Woods, of Fort Smith, Ark., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Sp. Asst. to the Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Charles E. Lowery, all of Washington, D. C., Atty., Bureau of Internal Revenue, for respondent.

PER CURIAM.

Petition to review decision of United States Board of Tax Appeals dismissed without taxation of costs in favor of either of the parties in this Court, pursuant to stipulation.

Marian BURNS, Appellant, v. Harry G. DUPLER, Appellee.

Marian BURNS, Appellant v. Adda DUPLER, Appellee.

Nos. 8485, 8486.

Circuit Court of Appeals, Sixth Circuit.

Feb. 13, 1941.

Hugh M. Bennett, of Columbus, Ohio, for appellant.

John F. Ward, of Columbus, Ohio, for appellees.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

PER CURIAM.

In an appeal from an order of the Bankruptcy Court overruling a motion to set aside the discharge of the bankrupt, it appearing that no objections to discharge or specifications in opposition had been filed in the said cause prior to the date set for hearing on discharges by the rules of the court, that the appellant, as creditor, had notice of the application for discharge sent to the last known place of residence of the said creditor but did not read it, and that a copy of the notice is not made a part of the record, and it further appearing that the claim of the appellant that there was no notice of the date upon which the application for discharge was considered, is not supported by the record although sought to be covered by stipulation, it is ordered that the appeal be and it is hereby dismissed, though in the view of the court this dismissal is not to be taken as approval of the loose practice indicated in the district court in considering petitions for discharge upon days other than those fixed by rule of court or without notice to trustee and creditor if not considered in pursuance of rule. It is so ordered.