## McGREGOR v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3089.

Circuit Court of Appeals, First Circuit.

April 2, 1936.

O. Walker Taylor, of Boston, Mass. (Louis E. Wyman and Wyman, Starr, Booth, Wadleigh & Langdell, all of Manchester, N. H., on the brief), for petitioner for review.

Carlton Fox, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to Atty. Gen., on the brief), for Commissioner of Internal Revenue.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

The question is whether a transfer of property by the decedent McGregor to a trustee in January, 1928, was made in contemplation of death. Mr. McGregor died in July, 1933, five and one-half years afterwards. The Commissioner held that the transfer was made in contemplation of death and included the trust property in McGregor's estate. The Board of Tax Appeals affirmed his action, and the executor has appealed. The principal question is whether as a matter of law there was any substantial evidence in support of the Board's conclusion.

The case was submitted to the Board on the petitioner's evidence. A number of witnesses testified, including three physicians who attended the decedent, the lawyer who drew the trust deed, the housekeeper, a neighbor, the son who was executor, and the son's wife. The son's wife testified that the idea of the trust was suggested to the decedent by her; that his wife, her mother-in-law, had some time before inherited some property which had given her independent means which had been a source of great pleasure and satisfaction to her; that she had spent or given away all of this inheritance and had no independent means or income at the time when the witness spoke; that the witness told her father-in-law that he ought to make a trust fund which would give his wife (at once) some independent income of her own such as she had had and would also safeguard the property from being wasted by his other children after his death; that he replied it was a good idea and about three months later carried it out. This evidence was not in any way contradicted or impeached and appears to have been accepted as truthful by the government (in its brief) and by the Board of Tax Appeals. It is the only explanation which appears in the evidence of why the decedent made the transfers in question.

The trust instrument bears out this testimony. It established an income for Mrs. McGregor to take effect *at once*. She enjoyed it five and one-half years before her husband died and is still living and enjoying it. At the time when the trust was established, Mr. McGregor was *in the opinion of his physicians in good health* for a man of his years—he was then seventy-five. He appears to have always been rather nervous about his health and given to taking medicines; but the physicians agreed that in 1928 there was nothing serious the matter with him. There is no evidence that he ever spoke of death to any one in connection with the transfer to the trustee. No motive for the transfer is shown in the evidence except the one stated by the daughter-in-law. A good deal of evidence was introduced as to Mr. McGregor's state of health beginning some months subsequent to this time which had no bearing on the present question.

The Board of Tax Appeals made no express findings of fact or rulings of law. In its opinion it said: "The evidence before us is far from convincing that the decedent in transferring such a large portion of his estate to the trust under consideration *did not do so* in contemplation of death as the term has been construed, or that the decedent in making the transfer had *any other* controlling motive than a contemplation of death." (Italics supplied.)

This plainly puts the burden of proof on the petitioner to satisfy the Board that the transfer was not made in contemplation of death. This would have been correct had the transfer been made within two years preceding the grantor's death. Whether as applied to the present case it was correct we do not find it necessary to decide, because in our opinion there was no substantial evidence that the transfer was made in contemplation of death.

The statement in the opinion of the Board that the decedent had no "other controlling motive (in making the trust) than a contemplation of death" absolutely misstates the purport of the evidence.

950

The same must be said of the further statements that "There is *no evidence* that * * * the trust was created in furtherance of any preconceived plan of the decedent to bestow his bounty upon those entitled to receive it during his lifetime"; and, "The motives or purposes which the petitioner attempts to ascribe to the decedent in creating the trust were to provide his wife with an income sufficient to insure her good care and financial independence *after his death* and to *leave* his property so that it could not be wasted by his children." (Italics supplied.) There was no testimony at all in support of the statement that the decedent's intention in making the trust was to provide for his wife *"after his death."* The uncontradicted evidence was that the dominant purpose was to provide an income for her at once as he did. The transfer took effect immediately and the decedent's death (when it occurred) made no change in the ownership or beneficial interest in the property transferred. The facts that the decedent was at the time in question seventy-five years old and something of a hypochondriac are to be taken in connection with the other facts in the case. The evidence as a whole afforded no substantial proof that the transfer in question was made in contemplation of death. See United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 75 L.Ed. 867; and also Kaufman v. Reinecke (C.C.A.) 68 F.(2d) 642.

The judgment of the Board of Tax Appeals must be reversed and judgment entered for the petitioner.

The decision of the Board of Tax Appeals is reversed, and the case is remanded to that Board for further proceedings not inconsistent with this opinion.