**GREER v. GLENN, Collector of Internal Revenue, et al.**

No. 107.

District Court, E. D. Kentucky, at Pikeville.

March 15, 1946.

O. T. Hinton, of Pikeville, for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Arthur L. Jacobs, Sp. Assts. to Atty. Gen., and Claude P. Stephens, U. S. Atty., of Lexington, Ky., for defendant.

SWINFORD, District Judge.

This is an action for the recovery of a deficiency in estate tax and interest thereon with respect to the estate of George W. Greer. The amount claimed by the plaintiff is $24,537.79. The case was tried without the intervention of a jury and is submitted on law and facts.

The code provisions involved and regulations pursuant thereto are quoted:

Internal Revenue Code:

"Sec. 811. Gross estate.

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \*

"(c) Transfers in contemplation of, or taking effect at death. To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this subchapter; \* \* \*."

26 U.S.C.A. Int.Rev.Code, § 811.

Treasury Regulations 105, promulgated under the Internal Revenue Code:

"Sec. 81.16 Transfers in contemplation of death. Transfers in contemplation of death made by the decedent after September 8, 1916, other than bona fide sales for an adequate and full consideration in money or money's worth, must be included in the gross estate. A transfer in contemplation of death is subject to the tax although the decedent parted absolutely and immediately with his title to, and possession and enjoyment of, the property.

"The phrase 'contemplation of death,' as used in the statute, does not mean, on the one hand, that general expectation of death such as all persons entertain, nor, on the other, is its meaning restricted to an apprehension that death is imminent or near. A transfer in contemplation of death is a disposition of property prompted by the thought of death (though it need not be solely so prompted). A transfer is prompted by the thought of death if it is made with the purpose of avoiding the tax, or as a substitute for a testamentary disposition of the property, or for any other motive associated with death. The bodily and mental condition of the decedent and all other attendant facts and circumstances are to be scrutinized to determine whether or not such thought prompted the disposition."

George W. Greer was a successful business man of Pikeville, Kentucky. He was engaged for the greater part of his life and at the time of his death in the crude botanical drug business, or as it was locally called the "root and herb" business. He had places of business at Pikeville, Kentucky, Marion, Virginia, and Brownsville, North Carolina. As enterprises are judged in this locality he was engaged in a large and lucrative business. He and the plaintiff Emily Y. Greer were parents of nine children. They had been married for more than fifty years and at the time of the gifts involved in this record all of the nine children were living and grown. All of them were married and with one exception had infant children.

Three of the children were directly connected with the business. None of them were either wealthy or in independent circumstances. From the record it appears an ideal family. All of them reasonably successful and on friendly and cordial terms with the parents and each other. George W. Greer was a director in a local bank and a steward in the Methodist Church. At the

time of the gifts in question and for at least four years thereafter he was active and aggressive in all things with which he was connected. He appears to have been an indulgent but wise father and a loyal and devoted husband.

In 1936, two years before the gifts in question, he gave to each of his children $2,500 in cash.

In the early part of 1938 he sought advice of a local attorney and a tax expert in Cincinnati on making a transfer of a substantial part of his business to his children. Various proposals were discussed and it was finally decided to make cash gifts to each of the children.

On March 10, 1938, Mr. Greer gave to each of the children a check for $9,300, or an aggregate of $83,700. He then borrowed back from each of them the sum of $7,000, for which he executed his notes to each child respectively. These notes bore interest at the rate of 6% per annum. All notes were paid in full before the death of the decedent. At the time of the gifts Mr. Greer had an estate of approximately $150,000. At the time of his death it was reported as a gross estate of $92,075.50. He died on May 21, 1943.

Upon investigation the Commissioner of Internal Revenue determined that the gifts of $83,700 made to the children on March 10, 1938, were made in contemplation of death and should bear an estate tax.

The sole question for determination is whether or not these gifts were made in contemplation of death within the meaning of Section 811(c) of the Internal Revenue Code.

■ Before discussing the issue it is proper that I finally determine a question of evidence that arose during the presentation of proof. The defendant offered a brief or statement of the decedent's attorney, Mr. Hinton, at a time when interest payments were sought as deductions on income tax returns during the life of decedent. These statements tend to commit the decedent to the proposition that such gifts were made in contemplation of death. These statements were made by decedent's attorney before the taxing authorities and were not a part of a court proceeding. I ruled at the time that such statements were not competent on the trial of this case and I find no reason to change my opinion. Such proof is not competent as evidence on the issue presented here. The reason for the ruling seems obvious. The statement was made by an attorney in the prosecution of a collateral issue prior to the death of the decedent. Clearly this is not competent evidence in this case. Harrison's Devisees v. Baker, 15 Ky. 250; Miller et al. v. United States, 8 Cir., 133 F. 337. However, I find that even though this evidence were considered it would not change my views.

Turning again to the main question for determination, I am definitely of the opinion that these gifts were not made in contemplation of death. While there is an abundance of authority in constructions of this phrase each case must rest on its own facts. Relatively speaking, this was not a large estate. To bestow half of it on his children with the idea in mind that they would become more interested in the business and in preserving it after his death seems a most natural motive. He was a considerate father, proud of his name and of the family which he had reared. As the plaintiff says, he expressed their joint desire to see their children enjoy and use their natural inheritance while the parents were yet living. There was ample income from the remainder of his property to assure his and his wife's future well being and comfort.

■ There is nothing novel about the question presented. While it is strongly urged that the Commissioner's finding that the gift was in contemplation of death, this is merely a presumption which must stand if no proof to the contrary is offered. Wickwire, etc. v. Reinecke, etc., 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184; McGrew's Estate v. Commissioner of Internal Revenue, 6 Cir., 135 F.2d 158, 148 A.L.R. 1045.

■ Where there is substantial evidence controverting a prima facia presumption the issue must be determined upon the whole body of proof. Del Vecchio, et al. v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229, Fidelity & Columbia Trust Co. v. Lucas, etc., D.C., 7 F.2d 146.

■ There is a further presumption involved in cases of this character. Where the gift is made to a natural and legal beneficiary within two years before the death of the donor the gift is presumed to be made in contemplation of death. This presumption is of course rebuttable and many cases are reported in which it is held to have been overcome by substantial proof. United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 75 L.Ed. 867. The converse of the rule is equally true that where there is no death within two years no presumption

is entertained. A recent Act of the Congress sought to make this two year rule of presumption conclusive, but the Supreme Court declared such a provision unconstitutional. Heiner, Collector of Internal Revenue v. Donnan, et al., 285 U.S. 312, 52 S.Ct. 358, 76 L.Ed. 772.

■ The leading authority on the construction of the term "in contemplation of death" is the case of United States v. Wells, supra. The rule is so concisely and clearly stated that I am constrained to quote it in full:

"The phrase 'in contemplation of death,' previously found in state statutes, was first used by the Congress in the Revenue Act of 1916, imposing an estate tax. It was coupled with a clause creating a statutory presumption in case of gifts within two years before death. The provision was continued in the Revenue Act of 1918, which governs the present case, and in later legislation. While the interpretation of the phrase has not been uniform, there has been agreement upon certain fundamental considerations. It is recognized that the reference is not to the general expectation of death which all entertain. It must be a particular concern, giving rise to a definite motive. * * * As the transfer may otherwise have all the indicia of a valid gift inter vivos, the differentiating factor must be found in the transferor's motive. Death must be 'contemplated,' that is, the motive which induces the transfer must be of the sort which leads to testamentary disposition. As a condition of body and mind that naturally gives rise to the feeling that death is near, that the donor is about to reach the moment of inevitable surrender of ownership, is most likely to prompt such a disposition to those who are deemed to be the proper objects of his bounty, the evidence of the existence or nonexistence of such a condition at the time of the gift is obviously of great importance in determining whether it is made in contemplation of death. The natural and reasonable inference which may be drawn from the fact that but a short period intervenes between the transfer and death is recognized by the statutory provision creating a presumption in the case of gifts within two years prior to death. But this presumption, by the statute before us, is expressly stated to be a rebuttable one, and the mere fact that death ensues even shortly after the gift does not determine absolutely that it is in contemplation of death. The question, necessarily, is as to the state of mind of the donor." [283 U.S. 102, 51 S.Ct. 450.]

■ It is needless to continue citation and discussion of authorities except to point out the parallel between the case at bar and other cases involving the same question. Necessarily I am in full accord with the decision in the Wells case, but think the instant case a much stronger one for the plaintiff. In the first place the transfers in the Wells case were made within three and one half years and some of them within a few months of the death of decedent, Wells. He died at age 73. The gifts were for an aggregate amount of $782,903. Amount of gift is a strong circumstance to be considered since, of course, in large estates there will be a much larger estate tax due. While Wells was repeatedly advised that he was well on the way to good health and that complete recovery was assured he nevertheless was not a well man at any time during the period in which the transfers were being made. In the submitted case the decedent made the gifts at the age of 72 when he was in robust health. He had not been ill except for minor ailments such as colds for many years. The amount of gifts was $83,700, the amount of tax on which would not have been a very great burden on any one of his beneficiaries. He had a wife and nine children among whom to divide the tax. In Wells' case there were only five children and his wife. Mr. Greer lived for more than five years after the gifts, the greater part of which time he went about his usual activities and business enterprises. He had an express motive and purpose to see his children enjoy a part of his estate and more actively participate in his business while he lived to guide and counsel them. I heard the proof, saw the witnesses, judged of their candor and attitude. I am convinced that George W. Greer was motivated by no other purpose.

Our Sixth Circuit Court of Appeals had before it on two separate appeals the case of Routzahn v. Brown, 6 Cir., 95 F.2d 766, 771, in which the Commissioner's findings were reversed. There the decedent at the time of making gifts of $2,000,000 was seventy-five years old. In writing the opinion for the Court Judge Simons said:

"We so rule with less reluctance since an examination of the meritorious issues involved convinces us that if the appeal must be decided upon the merits, the collector still must lose. The decedent died August 22, 1923, at the age of 75 years. Some of the insurance policies were irrevocably assigned to the Cleveland Trust Company more than 6 years prior to his death. The

insurance trust and the irrevocable trust were created June 29, 1920, 3 years and 1 month prior to death, and subsequently he made his last will and testament. At the time of the transfers he was a strong, vigorous man, and continued thereafter to conduct his business as theretofore. The transfers were in furtherance of a policy long pursued of making gifts and advancements to his children out of property for exceeding his needs. The total value of the transfers was approximately $2,000,000 but they by no means exhausted his estate, the remainder of which was of approximately the value of $1,500,000. There is nothing in the stipulated facts to indicate that he was in any wise apprehensive of death. With these circumstances undisputed, the case is ruled by United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 451, 75 L.Ed. 867."

See also the Sixth Circuit case of Shwab v. Doyle, 6 Cir., 269 F. 321, in which a large number of authorities are cited. Brown v. Routzahn, 6 Cir., 63 F.2d 914. In McGregor v. Commissioner, etc., 82 F.2d 948, from the first circuit the decedent was seventy-five years old and made the gift five and one-half years before death. It was held not to be in contemplation of death. In Flannery v. Willcuts, 8 Cir., 25 F.2d 951, the gift was made within two years. The tax was denied. Quoting from the Wells case, supra, the Supreme Court in Becker v. St. Louis Trust Co., 296 U.S. 48, 56 S. Ct. 78, 80 L.Ed. 35, pointed out that the lower court had said that evidence that the decedent was influenced by the thought of death was entirely lacking. I make the same observation as to the record here. In Rea v. Heiner, D.C., 6 F.2d 389, the gifts were made within eight months of the date of the death of the donor who was at the time of her death 76 years of age. This gift although valued at more than ten million dollars was held not to have been in contemplation of death. Another case in point is Smart v. United States, D.C., 21 F. 2d 188. In that case more than five years had elapsed between the gift and death and it was held not subject to the tax.

The facts in the case at bar are much stronger in favor of the plaintiff than in any of the cases cited. A survey of the whole evidence leads me to the definite conclusion that the Commissioner was in error in asserting his claim for this tax and the plaintiff should recover on the prayer of her petition.

Proper findings of fact, conclusions of law and judgment in conformity with this opinion should be submitted.