Joseph **FRANK**, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

No. 12386.

United States Court of Appeals Sixth Circuit.

Oct. 28, 1955.

Frank E. Wood, Jr., Nichols, Wood, Marx & Ginter, Cincinnati, Ohio, for petitioner.

Grant W. Wiprud, Washington, D. C., H. Brian Holland, Ellis N. Slack, Washington, D. C., on the brief, for respondent.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

Petitioner, who was an employee of The Interstate Folding Box Company, and for many years its secretary and principal accountant, resigned in 1946 after a sharp disagreement with Interstate's president. He owned 100 shares of stock in the company, which he was required on resignation to sell back to Interstate. In settlement of all claims against Interstate, including the amount paid for his stock and all bonuses and salary due him, he received the sum of $50,641.30 in three payments, one a check dated December 28, 1946, in the amount of $18,701.02 which bore the words "Stock Purchase"; another check dated December 28, 1946, in the amount of $15,313.85 bearing the notation "On Account Bonus $18,905.99, Less: Withholding Tax $3,592.14, Net $15,313.85;" and a third check dated January 3, 1947, in the amount of $10,557.78 bearing the notation "In full payment of all claims $13,034.29, Less: Withholding Tax $2,476.51, Net $10,557.78." Petitioner protested the deduction of the withholding tax, but he signed two releases relinquishing all of his claims against Interstate. On Interstate's books the amount of the first check, $18,701.02, was charged against surplus as the amount paid for petitioner's stock. The balance, $31,940.28, was charged to administrative expenses as covering the bonus and was credited to petitioner's salary account.

In his income tax return for 1946 petitioner reported the sale of his stock for $18,710 and calculated "the gain realized" as $8,710. He computed the taxable gain as $4,355. $10,000 of the amount of the second check, $18,905.99, he reported as due him for damages arising out of an assault, thus being an item non-taxable under Section 22(b) (5) Internal Revenue Code, 26 U.S.C.A. (I.R.C.1939) § 22 (b)(5). The balance of the second check, $8,905.99, he returned as ordinary income listed as "Bonus due me." The final payment he included in ordinary income for 1947. The Commissioner determined that the item of $10,000 should not have been excluded and that the sum of $13,034.29 returned in 1947 should have been returned for taxes in 1946 under the doctrine of constructive receipt. He therefore determined a deficiency against petitioner for the year 1946 in the amount of $12,221.52.

In this court petitioner has abandoned his claim that part of the settlement received was damages for the alleged assault, and also has abandoned his contention that the doctrine of constructive receipt was improperly applied. He urges here that the evidence regarding the apportionment of the total sum of $50,641.30 between income and capital gain proves that $5,923.57 was attributable to ordinary income and $44,717.73 to capital gain on sale of the stock.

The Commissioner determined, and the Tax Court approved, an allocation of $18,701.02 as the amount paid for petitioner's Interstate stock and of $31,940.28 as covering bonus and ordinary income. This was the allocation made on the books of Interstate immediately after the final agreement for settlement and in its tax returns and reflected in the checks issued to petitioner and cashed by his attorneys, the proceeds of which were accepted by him. Petitioner does not claim that he did not understand the settlement he made. He testified that, although he calculated that the settlement figure included a $6,000 bonus, $10,000 worth of damages, and approximately $34,000 for the stock, he accepted that kind of settlement rather than have a lawsuit.

■■ His present contention is that approximately $44,000 of the sum received was taxable under the capital gain provisions of the statute. He asserts that Interstate grossly underestimated its surplus from which the book value of the stock was calculated. But petitioner could have sold the stock for less than it was worth. The controlling question is, What was paid for the stock? Petitioner's testimony strongly militates against his present contention. If petitioner thought that $10,000 was received for

personal injury done him by an officer of the company, he evidently did not consider that item as part of the price of the stock. He at no time claimed before the Tax Court that the stock had a value of $44,000. He conceded that he had to be consulted before his attorneys accepted any proposal made and that the final proposal was submitted to him and he accepted it. It is hornbook law that petitioner is required to prove that the determination of the Commissioner was incorrect. Here his own testimony in light of the record shows that the findings of the Commissioner and the Tax Court are correct instead of being erroneous.

The decision of the Tax Court is affirmed. 22 T.C. 945.