UNITED STATES of America,
Plaintiff,

v.

Abe PLISCO et al., Defendants.

Civ. A. No. 887-58.

United States District Court
District of Columbia.

March 13, 1961.

See also 166 F.Supp. 414.

James V. Falloon, Dept. of Justice, Washington, D. C., for plaintiff.

H. Clifford Allder, Washington, D. C., for defendants.

McLAUGHLIN, District Judge.

These are three cases consolidated for trial, each involving an identical issue. In each the Government seeks to recover what it alleges are unpaid income taxes for the years 1948, 1949 and 1950. During the years in question defendants were engaged as partners in a gambling enterprise. They filed returns based on what they contend to be their net income from said enterprise, that is upon their winnings minus the losses they allege they suffered. The Commissioner of Internal Revenue accepted so much of their respective returns as indicated winnings, but rejected their claims to losses, on the theory that while a declaration of winnings represented a statement against interest, claims for losses were in the nature of self serving statements. The Commissioner then assessed deficiencies against each defendant in an amount equal to the difference between the tax actually paid on their income as they had reported it and the tax due on their income as he determined it to be after deducting the claimed losses.

It is first necessary to determine the weight to be given to the Commissioner's determination, as the Government at trial introduced no other evidence. The United States Supreme Court has said that the decision of the Commissioner as to an assessment of tax

due is prima facie correct. Wickwire v. Reinecke, 275 U.S. 101, 105, 48 S.Ct. 43, 72 L.Ed. 184. "Unquestionably the burden of proof is on the taxpayer to show that the Commissioner's determination is invalid." Helvering v. Taylor, 293 U.S. 507, 515, 55 S.Ct. 287, 291, 79 L.Ed. 623; cf. also Frank v. Commissioner, 6 Cir., 226 F.2d 600, 602.

While it is true, as defendants' counsel points out, that the above cited cases are factually different from the one at bar in that they originated as suits by the taxpayer against the Government, and not as in the instant case as suits by the Government against a taxpayer, this does not, in the Court's view, make them inapplicable as precedents for the proposition for which they are cited. The pronouncements of these authorities appear to be so clear and unequivocal on the point that the Commissioner's determination is presumptively correct as to establish this proposition regardless of who institutes the suit. In light of these authorities the Court must conclude that the determination of deficiency by the Commissioner has created a prima facie case.

To rebut the Government's case the defendants offered the testimony of the defendant May, and, through him, certain records. May testified that the partners settled with each other at short intervals, and did not keep the original records of the individual gambling transactions, but that these were destroyed within a few days after the transactions took place. The records which the defendants sought to introduce through May purported to be daily summaries, showing the daily net win or loss for each day. May testified that these were accurate summaries, compiled by him. The Government objected to the admission of these records on the grounds that they were not business records within the scope of the applicable Federal statute. 28 U.S.C. § 1732(a). Having determined that the Government has established a prima facie case, the Court feels that a resolution of this issue of admissibility will be dispositive of the case.

The Court at trial received the evidence in the sense that it permitted defendants to place it in the record. To have done otherwise would have been to dispose of the case at that time. But the ruling of the Court at that time was not conclusive on the question of admissibility. Rather, the Court permitted defendants to complete their record and then called on counsel to present argument on the question of admissibility, which both sides have done.

The statute controlling the admissibility of business records is Title 28, Section 1732, of the United States Code, which provides in part that records are admissible "if made in the regular course of business and if it was the regular course of such business to make such memorandum or record."

██ The United States Supreme Court discussed this statute in Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645. That was a personal injury action in which the defendant railroad sought to introduce into evidence a statement its investigators had taken from the since-deceased engineer. The statement was offered as having been recorded in the regular course of business, pursuant to defendant's standard mode of practice in such cases. The Supreme Court affirmed the District Court's action in rejecting it. The Court held that records under the statute must be "for the systematic conduct of the business as a business" 318 U.S. at page 113, 63 S.Ct. at page 480. They must not be primarily intended for use in litigating. Id., 318 U.S. at page 114, 63 S.Ct. at page 481. Mere regularity of entry does not qualify records for admissibility, unless they are kept for a specified purpose, that is for the "management and operation of the business as such", Id., 318 U.S. at page 113, 63 S.Ct. at page 480.

In Central R. Co. of N. J. v. Jules S. Sottnek Co., 258 F.2d 85, 88, the Court of Appeals for the Second Circuit, in discussing the rationale of the Palmer decision concludes that only when a record is relied upon in the day to day operation of the business does it have the

"earmarks of reliability" or a "probability of trustworthiness" to be admitted under the statute as an exception to the hearsay rule.

Thus it seems clear that when Congress enacted 28 U.S.C. § 1732, and thereby created an exception to the hearsay rule, it created an exception which was to become operative only when the evidence sought to be introduced under it carried with itself certain circumstantial indicia of veracity, that is that such records are admissible only when they have been relied on by the party compiling them in the usual course of his business.

■ The Court is not persuaded that the records at issue here are admissible within the scope of the rule announced in the cited cases. The Court is not aware of any hard and fast rule determining what records are kept in the regular course of a gambling enterprise. It is by nature a secretive enterprise, with presumably the less records kept the better for the operators of the enterprise. But as in any business, records fulfill two general functions, to provide information concerning the dealings of the entity with outsiders and to provide information concerning the internal affairs of the business. While the records here at issue might fulfill the latter function, in that they might provide the basis for distribution of profits among the partners, they would be of no assistance in identifying the parties with whom the entity has had transactions and the amount owed to or by such parties. If there are any records which can be said to be kept in the regular course of the business of a gambling enterprise, in that they are relied on in the systematic operation of such enterprise, it would be the daily records of individual transactions, from which a summary of the daily net win or loss could be compiled. But the defendants admit that these daily records were always destroyed. In the circumstances it seems manifest that the one line daily summaries which were made were kept for the purpose of providing the defendants with some documentary support in their dealings with the Internal Revenue Service. As such they run contrary to the holding in Palmer, supra, that records kept for the purpose of defending litigation are not within the scope of the exception to the hearsay rule created by 28 U.S.C. § 1732 and are thus not admissible.

■ Therefore, since the defendants have produced no admissible evidence to rebut the prima facie case established by the Government, it is the holding of this Court that judgment must be entered in favor of the plaintiff herein, The United States of America, in the amount of the deficiencies assessed for the years, 1948, 1949, and 1950.

Counsel will submit an order in conformity with this opinion.