EDITH D. GREEN ET AL., EXECUTRICES, ESTATE OF FRANK J. DUPIGNAC, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10337.   Promulgated February 19, 1927.

Gift *held* to have been made in contemplation of death.

*Joseph G. Deane, Esq.*, for the petitioners.
*L. S. Pendleton, Esq.*, for the respondent.

This is an appeal by the executrices of the estate of Frank J. Dupignac from the determination by the Commissioner of a deficiency in estate tax of $13,776.84, computed by including as part of

decedent's gross estate certain gifts of cash and real estate made by decedent in his lifetime to his two daughters. The appeal was submitted upon a stipulation of the facts which are incorporated into the findings.

## FINDINGS OF FACT.

The decedent died on May 10, 1922, and there was included by the Commissioner as a part of his gross estate for the purpose of computing the deficiency tax of $13,776.84, the sum of $75,000 transferred by the decedent to his daughters, Edith D. Green and Eleanor D. Thompson, in equal shares, on or about December 9, 1920; there was also included in the gross estate for the purpose of computing said deficiency the sum of $152,000, representing the value at the time of decedent's death of his city residence and his country residence, together with their contents, transferred by decedent to his said daughters, as tenants in common, on March 7, 1921. All of said transfers were without consideration in money or money's worth, but took effect in said transferees at once, both as to possession and enjoyment. The total value thereof—$227,000—represented over 27 per cent of the decedent's gross estate as determined by the Commissioner.

In addition to the above gifts the decedent, on or about the first day of May, 1920, gave to his two said daughters $50,000, which amount, however, was not included or taxed as part of his gross estate.

The decedent died at the age of seventy-five years, death resulting from chronic myocarditis, with arterial sclerosis as a contributory cause. During the period covered by these transfers and for years prior thereto the decedent was afflicted with organic heart disease and was aware of the fact that he had heart trouble. While this had rendered physical exertion difficult, decedent was not confined to his house, but went about freely in an automobile and entertained friends and visited them.

Decedent was a man of unusual intellectual attainment and until practically the moment of his death his mental faculties were unimpaired. He retired from the active practice of law in 1918, leaving his city residence in May, 1921, and thereafter resided at his country residence continuously until the date of his death. The decedent executed his will on November 21, 1918, whereby he bequeathed the sum of $60,000 to his son and the balance of his estate to his two daughters equally. On December 9, 1920, decedent executed a codicil to his will wherein he revoked the bequest to his son of $60,000, giving him in lieu thereof cash and other property valued at about $25,000.

Prior to the transfer of this real estate the decedent stated that he was confident that his son would institute a contest over his will and that one of his purposes in turning over these properties during his lifetime was to avoid any possible question after his death as to the right of his daughters to the possession and enjoyment of these properties, even if, what seemed an unlikely event, a successful contest was made over his will. Shortly after decedent's death a contest of the will was in fact instituted by the decedent's son and a temporary administrator was appointed to take charge of the decedent's property pending such contest.

OPINION.

PHILLIPS: Section 402 (c) of the Revenue Act of 1921 provides that there shall be included in the gross estate of a decedent the value of any property of which the decedent has made a gift in contemplation of death, and further provides that any such transfer within two years of death shall, unless shown to the contrary, be deemed to have been made in contemplation of death. The gifts here in question were made within two years of death and we are of the opinion that the facts stipulated are insufficient to establish that they were not made in contemplation of death within the meaning of the statute.

We have heretofore had occasion to review the authorities and discuss the meaning of the phrase "contemplation of death." *Appeal of Philip T. Starck*, 3 B. T. A. 514; *Appeal of Spencer Borden, Jr.*, 6 B. T. A. 255. There we reached the conclusion that it did not include the general contemplation of death entertained by everyone, but did include a state of mind which looked forward to death within the reasonably near future.

At the time of the gifts here in question decedent was between seventy-two and seventy-three years old. For several years he had suffered from organic heart trouble and was aware of his condition. He had retired from business some two years previously. While he entertained friends and visited them in his automobile, it appears that his condition had reached the point where physical exertion was difficult for him. Under such circumstances, considering also that the gifts were made in anticipation of a contest of his will by his son, with no motive shown for making the gifts other than the desire to provide for his daughters after his death, we are of the opinion that there has been no showing which overcomes the presumption created by the statute that these gifts were made in contemplation of death.

*Decision will be entered for the Commissioner.*